**U.S. DISTRICT COURT**
**Northern District of Ohio (Toledo)**
**CIVIL DOCKET FOR CASE #: 3:13-cv-01322-VKA**

Hot Shot Motorworks et al

      Plaintiff,

vs.

Falicon Crankshaft Components, et al,

      Defendant(s).

_____/

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

    Defendants, Falicon Crankshaft Components, Inc. and Creative Design and Engineering,

LLC, by and through the undersigned counsel, hereby requests that the Court dismiss the

Plaintiff's Complaint pursuant to the Federal Rules of Civil Procedure as detailed below.

1. On October 10, 2013, Plaintiff, Hot Shot Motorworks, filed an Amended Complaint

   against separate Defendants, Falicon Crankshaft Components and Creative Design and

   Engineering, LLC. The complaint has nine causes of action.

2. As detailed in the following memorandum, each count of the Amended Complaint must

   be dismissed.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## PLAINTIFF'S AMENDED COMPLAINT

### A.    Standard for Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

For a defendant to prevail on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it must appear that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). The purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief in the complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). It is not a procedure for resolving a contest about the facts or the merits of the case. In reviewing the sufficiency of the complaint, the issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims asserted. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Since the motion raises only an issue of law, the court has no discretion as to whether to dismiss a complaint that it determines to be formally insufficient. *Yuba Consolidated Gold Fields v. Kilkeary*, 206 F.2d 884, 889 (9th Cir. 1953).

In determining whether to grant a motion to dismiss under Federal Rule 12(b)(6), the court primarily considers the allegations in the complaint, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1987); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). The complaint should be construed in the light most favorable to the plaintiff, and its allegations are taken as true. *Scheuer*, 416 U.S. at 237.

However, while plaintiffs are granted a liberal presumption against dismissal for failure to state a claim, the requirements are not "toothless." The pleader must still allege facts, either directly or indirectly, that satisfy the elements required for each claim. *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996). *Cooperman v. Individual, Inc.*, 171 F.3d 43, 47 (1st Cir.1999). Conclusory allegations or legal conclusions acting as factual conclusions will not be enough to prevent a motion to dismiss. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.1995).

### B.  Plaintiff has failed to sufficiently plead the circumstances of the fraud charges

Allegations of fraud form the basis of the first four counts of Plaintiff's Amended Complaint. Count 1 is based on Defendants' alleged mail fraud, wire fraud and racketeering. Count 2 is based on violations of the RICO statute that rest on allegations of fraud. Count 3 is based on violations of Ohio law that rest on allegations of fraud. Count 4 is based on misappropriation of trade secrets, and misappropriation requires some sort of wrongdoing, the only one of which is remotely alleged is fraud. Allegations of fraud must comply with Federal Rule of Civil Procedure 9(b), which requires that allegations of the circumstances of fraud must be pled with particularity. *Saporito v. Combustion Eng'g, Inc.*, 843 F.2d 666, 676 (3d Cir. 1988). *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir.1993). Plaintiff may satisfy this requirement by pleading the "date, time and place" of the alleged fraud, or by pleading some alternative details that would precisely substantiate the fraud claim. Additionally, Plaintiff must allege *who* made the misrepresentation to whom and the general content of that misrepresentation. *See Saporito*, 843 F.2d at 675. Conclusory allegations that do not indicate the date, time and place of the fraud or identify particular fraudulent transactions and who committed them do not fulfill the requirements of Rule 9(b). *Lum v. Bank of America*, 361 F.3d 217, 224 (3d Cir. 2004).

More specifically, allegations involving conspiracy under RICO statutes require specificity regarding which actions were undertaken by which defendants. Plaintiff is not allowed to simply "lump together" all of the Defendants in their allegations of fraud. *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F. 3d 1364, 1381 (11th Cir. 1997). *See also Moore v. Kayport Package Exp., Inc.*, 885 F. 2d 531, 541 (9th Cir. 1989) (dismissing a complaint that failed to "attribute specific conduct to individual defendants"); *Ambrosia Coal & Construction Company*, 482 F. 3d 1309, 1316 (11th Cir. 2007) (holding that a complaint should inform each defendant of the nature of his alleged participation in the fraud).

In Paragraph 18 of the Amended Complaint, Plaintiff identifies the fraudulent statements referenced in Paragraph 17, but without making a clear attribution. Specifically, Plaintiff does not identify the actual speaker of any of those statements, and merely emphasizes that "these statements were false, and Defendants knew that the statements were false when they made them." (Paragraph 18 of Amended Complaint).

Other alleged fraudulent activity is detailed in Paragraph 21 of the Amended Complaint. Plaintiff alleges that Defendants made communications to Plaintiff that "were rife with false statements which Defendants knew to be false" that Plaintiff "would be compensated for their work." Once again, these allegations are made in general terms about the Defendants as a group, without specifying which individuals made which statements.

Because Plaintiff's Amended Complaint does not sufficiently plead the particular circumstances of the alleged fraud, and, more importantly, it does not give notice to the individual Defendants what their part in the alleged fraud was, the counts relying on fraud, Counts 1-4, should be dismissed.

### C.  Ohio common law counts are pre-empted under ORC § 1333.67

Counts 5 through 8 of Plaintiff's Amended Complaint detail additional charges of misappropriation, conversion, unfair competition and unjust enrichment. However, the Ohio Uniform Trade Secret Act, Ohio Rev.Code § 1333.67, pre-empts common law claims based on such grounds. The statute provides:

> (A)　Except as provided in division (B) of this section, sections 1333.61 and 1333.69 of the Revised Code displace conflicting tort, restitutionary, and other laws of this state providing civil remedies for misappropriation of a trade secret.
>
> (B)　Sections 1333.61 and 1333.69 of the Revised Code do not affect any of the following:
>
> > (1)　Contractual remedies, whether or not based on misappropriation of a trade secret;
> >
> > (2)　Other civil remedies that are not based on misappropriation of a trade secret;
> >
> > (3)　Criminal remedies, including those in other sections of this chapter, whether or not based on misappropriation of a trade secret.

This section of the Uniform Trade Secret Act has been interpreted to bar any claims that are based on factual allegations of misappropriation of trade secrets. *Glasstech, Inc. v. TGL*

5

*Tempering Systems, Inc.*, 50 F. Supp. 2d 722, 730 (N.D. Ohio 1999), citing *Powell Products, Inc. v. Marks*, 948 F. Supp. 1469, 1474-75 (D. Colo. 1996). The pre-emption occurs when the common law claims are "no more than a restatement of the same operative facts which would plainly and exclusively spell out only trade secret appropriation." *Powell*, 948 F.Supp. at 1474. If a claim is based merely on alleged misappropriation of trade secrets, then a claim under the Ohio Uniform Trade Secrets Act is the proper method of recovery, and any claims based on other common law theories are barred. *Glasstech*, 50 F. Supp. 2d at 730.

Because, in Counts 5-8, Plaintiff's Amended Complaint merely reincorporates all preceding allegations without adding any operative facts, these counts should be dismissed, and the underlying basis for these actions should be merged into Count 4.

### D.  The entire complaint should be dismissed as a "shotgun pleading"

When a complaint has multiple counts, and each count reincorporates the factual allegations of all previous counts, even those allegations that could not possibly be relevant to the later count, it is known as a shotgun pleading. *Pelletier v. Zweifel*, 921 F. 2d 1465, 1517-18 (11th Cir. 1991). *See also Anderson v. Dist. Bd. Of Trustees Cent. Fla. Comm.*, 77 F. 3d 364, 366 (11th Cir. 1996); *In re Laurel Valley Ohio,* Bankr. Court (N.D. Ohio 2012).

Plaintiff's Amended Complaint begins with 40 paragraphs of general allegations. Then each individual count incorporates by reference each preceding paragraph before adding allegations relevant to that count. Count 9 reincorporates each allegation made in paragraphs 1 through 83, and then begins to detail the basis for the breach of contract action included in Count 9. The additional allegations merely state that the Defendants' failure to compensate Plaintiff is a violation of the agreement, and as a result, Plaintiff seeks particular damages. However, Paragraph 18 of the complaint claims that the statements made by Defendants that they would

compensate Plaintiff for his work were false, and that the Defendants knew those statements were false at the time that Defendants made them. However, if Defendants did not actually intend to truly enter into the agreement, then the agreement is void. There can be no contract without a meeting of the minds. *Restatement (Second) of Contracts* § 17 comment c (1981); *U.S. v. Robison*, 924 F. 2d 612, 614 (6th Cir. 1991). Plaintiff's own pleadings contradict the allegation that there was a contract on which basis Plaintiff is entitled to some sort of recovery. Because Plaintiff's Amended Complaint does not properly inform Defendants as to which allegations support which causes of action, the complaint must be dismissed.

**WHEREFORE**, Defendants request that this Court dismiss Plaintiff's complaint for the several reasons cited above, and for an award of attorney's fees and for all other relief to which the Defendants prove themselves to be entitled.

Respectfully submitted,

 s/ Gregory D. Clark, Esq.
GREGORY D. CLARK, P.A.
1201 S. Highland Ave., Ste 9
Clearwater, FL 33756
(727) 446-1200-Phone
(727) 446-2334 Fax
gclark560@aol.com
Florida Bar #: 334316
Attorney for Defendants

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on November 5th, 2013, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

                              s/ Gregory D. Clark, Esq.
                             GREGORY D. CLARK, P.A.
                             1201 S. Highland Ave., Ste 9
                             Clearwater, FL 33756
                             (727) 446-1200-Phone
                             (727) 446-2334 Fax
                             gclark560@aol.com
                             Florida Bar #: 334316
                             Attorney for Defendants